SIMMONS MEDICINE COMPANY *et al.*, *Appellants*, v. ZIEGENHEIN, *Collector*.

### In Banc, July 6, 1898.

1. **Taxation:** SUCCESSION TAX: PATENT MEDICINES. The case of *State ex rel. Garth v. Switzler,* 143 Mo. 287, is followed, and it is held that a tax levied on patent medicines under the collateral succession tax law of 1895 (Acts 1895, p. 278) is unconstitutional, for the reason in that case given, namely, because the tax therein provided for is not levied for a public purpose within the meaning of the Constitution, but for the use and benefit of a special class of students in the State University.

*Appeal from St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED (*with directions*).

*D. P. Dyer* for appellants.

*W. C. Marshall, Chas. Claflin Allen* and *Judson & Taussig* for respondent.

ROBINSON, J.—This is a suit in equity by fourteen manufacturers of and dealers in patent medicines in the city of St. Louis to restrain the defendant, as collector of that city, from enforcing against them the provisions of section 3 of "An Act providing for the endowment of the State University, and for the establishment and endowment of free scholarship of merit therein in each county," approved April 1, 1895, Acts

1895, p. 278. Said section provides: "Every manufacturer of medicines or remedies commonly known as patent medicines shall pay a license tax of twenty-five dollars, and every traveling vendor of such medicines or remedies shall pay a license as now provided by law; and every such traveling vendor shall take out a license in every county in which he vends such articles," etc.

The petition after stating the business of each of the plaintiffs, and that they have joined in this action to avoid a multiplicity of suits, charges that the defendant, as collector of the City of St. Louis, claiming to act under and in pursuance of section 3 of said act as aforesaid, has demanded of each of them the license tax of $25 provided in said section, and upon their refusal to pay same, has threatened and is now threatening to seize, distrain, levy upon and sell the property of each of said plaintiffs to pay said license tax required by said section 3 of said act as aforesaid, and that he will do so unless enjoined. The petition then charges that said act of April 1, 1895, is violative of section 28 of article IV, and of section 3 of article X of the Constitution of the State of Missouri, and for that reason its provisions are of no binding force upon them or either of them.

The petitioners further charge that the seizure and sale of their property by the collector under the pretended authority of the act of April 1, 1895, would cast a cloud upon their title, that the damages to each of them would be irreparable, and that they are without an adequate remedy at law, hence have come into a court of equity, where such complaints are properly cognizable, and pray for injunctive relief. To plaintiffs' petition, defendant filed a general demurrer, which being by the court sustained, and final judgment entered thereon, the plaintiffs after the usual preliminaries have prosecuted their appeal to this court.

Vol. 145 mo—24

Although a general demurrer was filed to plaintiffs' petition, the counsel for defendant request that nothing may be considered by the court to prevent it from passing upon the constitutionality of the act under which the defendant is threatening to proceed. We will then treat the case as if the demurrer in nowise went to the question of the remedy pursued, but as if the plaintiff's had the right to maintain their action if the act under consideration is adjudged unconstitutional for either of the reasons alleged.

Since this case reached this court, an original proceeding has been instituted herein for a writ of *certiorari* to the judge of the probate court of Boone county, commanding him to send up the record of his proceedings, in the matter of the assessment and levy of a collateral succession tax upon the estate of John C. Conley, deceased, under the provisions of the act of April 1, 1895, and an act of March 17, 1897, amendatory thereof. In that proceeding the constitutionality of the act of April 1, 1895, as in this, was directly assailed upon numerous grounds, and this court in an elaborate opinion prepared by GANTT, C. J., reported in 143 Mo. 287 held the act unconstitutional, for the reason that the tax provided for therein, was not levied for public purposes within the meaning of section 3 of article X of the Constitution of Missouri, which ordains that "taxes may be levied and collected for public purposes only."

The money sought to be collected, under section 3 of the act in controversy, from the petitioners herein, as manufacturers of and dealers in patent medicines, goes to the same fund, and is to be used for the same purpose, as does the collateral succession tax provided for in section 1 of the act in controversy, under consideration, in the *certiorari* proceeding against the probate judge of Boone county, *supra*.

The opinion in that case determines the law of this and upon its authority and for the reasons therein given, without further comment or elaboration, it is held that the tax sought to be levied and collected against the petitioners herein, by the defendant as collector of the city of St. Louis, under said act, is unconstitutional, because levied for the use and benefit of a special class of students of the State University, named and designated in the act, and not for public purposes within the meaning of section 3 of article X of the Constitution of this State, and that the writ of injunction staying its collection should be awarded.

The judgment of the circuit court will be reversed and the cause remanded with directions that it enter an order making the injunction perpetual as prayed for in plaintiffs' petition.

All concur except MARSHALL, J., who does not sit in the case, having been of counsel.